Estate of R. H. Pfaff, Ashtabula Foundation, Trustee v. Commissioner.
Estate of R. H. Pfaff, Ashtabula Found., Trustee v. Commissioner
Docket No. 4544.
United States Tax Court
1945 Tax Ct. Memo LEXIS 61; 4 T.C.M. (CCH) 963; T.C.M. (RIA) 45323; October 12, 1945
*61 By provisions of decedent's will, upon death of his brother-in-law trustee, decedent's estate passed to Ashtabula Foundation, a charitable organization, as a trustee. Held, that amount collected from recovered bank deposits in excess of their value as appraised and returned for Federal estate tax purposes constitutes taxable income to the estate. J. Virgil Cory, Esq., 1208 Terminal Tower Bldg., Cleveland, O., for the petitioner. Thomas F. Callahan, Esq., for the respondent. VAN FOSSAN *62 Memorandum Findings of Fact and Opinion The respondent determined a deficiency of $3,300.42 in the petitioner's income tax for the year 1942. The sole issue is whether or not the sum of $12,058.31, representing the excess amount collected on bank deposits over the value thereof fixed in the estate tax return, constituted taxable income to the Estate of R. H. Pfaff. Findings of Fact The facts were stipulated substantially as follows: The Ashtabula Foundation is a charitable organization incorporated under the laws of the States of Ohio and has its principal office at Ashtabula, Ohio. Petitioner filed its income tax return for the taxable year with the collector of internal revenue at Cleveland, Ohio. R. H. Pfaff died on February 18, 1935, leaving a last will and testament executed December 21, 1929. Under the provisions of the will the decedent's brother-in-law, F. K. Lewis, was appointed trustee. Lewis acted as such trustee until his death on January 29, 1942. In accordance with the provisions of the will, the corpus of the trust was placed in the custody and control of the petitioner. The last sub-paragraph of Item 2 of the will of R. H. Pfaff is as follows: *63 "Should the said F. K. Lewis not live to fully carry out the trust herein created, then, upon his death, the trust estate shall pass to The Ashtabula Foundation subject to the foregoing trust and subject to legacies hereinafter provided." Item 6 of the will is as follows: "I give to my brother-in-law, F. K. Lewis, my interest in the garage building on his lot in the Country Club Allotment in Saybrook Township. I give, devise and bequeath to said F. K. Lewis, for use during his natural life, all my real estate lying between Henry Street and Division Street, in the City of Ashtabula, Ohio, and my residence property at the lake being lot number ten in block number four of the County Club Allotment in Saybrook Township, Ashtabula, Ashtabula County, Ohio. "Should he desire to sell any part or parts of said real estate, at any time or from time to time, to the extent of selling all thereof, he is hereby fully authorized and empowered, without permission, authority or Order of any Court, to sell the same for such price or prices and upon such terms of payment as he shall determine, and good and sufficient deed or deeds of conveyance to the purchaser or purchasers to make, execute *64 and deliver. Such purchaser, or purchasers, shall not be required, under any circumstance, to see to the application of the purchase price or be responsible for the disposition made thereof by said F. K. Lewis. "Said F. K. Lewis shall have the use, during his natural life, of all proceeds of such sale or sales, if any, and I request that he make such provision as will, at or before his death, pass such proceeds from such sale or sales to The Ashtabula Foundation to be there added to the 'R. H. Pfaff and Amelia E. Pfaff Fund' established by Item Nine of this Will. "Any and all of said real estate not so sold by said F. K. Lewis, I hereby give, devise and bequeath to The Ashtabula Foundation, where, after the death of said F. K. Lewis, it shall become a part of the property in the 'R. H. Pfaff and Amelia E. Pfaff Fund.' "All capital stock, or shares, if any, of The Ashtabula Bow Socket Company, hereafter transferred to me by my wife, Amelia E. Pfaff, or coming to me from her estate in case I survive her, I hereby give into the control of said F. K. Lewis during his natural life. He is hereby given full power and authority, without permission or Order of any Court, to sell any or *65 all of said shares, at any time, or in part from time to time, under such terms as to price and payment as may to him seem just, and he shall handle, vote, manage and control said stock, or shares, as fully as I, myself, could do if living. "So long as he shall control said shares, all dividends paid thereon he shall pay over to The Ashtabula Foundation and dividends so received by said Foundation shall be added to the 'Income' of the 'R. H. Pfaff and Amelia E. Pfaff Fund.' "In case of the sale of all or any part of said shares, by said F. K. Lewis as hereinbefore provided, the proceeds of such sale or sales he shall pay over to The Ashtabula Foundation and the same shall thereby become a part of the principal of the 'R. H. Pfaff and Amelia E. Pfaff Fund.' "Any and all of said shares being and remaining in the control of said F. K. Lewis to the time of his death, shall, thereupon, pass to and be the property of said The Ashtabula Foundation and be, thereafter, a part of the principal of the 'R. H. Pfaff and Amelia E. Pfaff Fund.'" * * * * *
The will further provided that the trust should continue during the life of the decedent's wife and should be for her sole benefit. *66 The will made specific bequests to the decedent's relatives, aggregating $115,000, payable upon the death of Amelia Pfaff. During the taxable year the Foundation collected $12,058.31 over and above the value of bank deposits returned for Federal estate tax purposes. The petitioner takes no exception to the amount of this adjustment to income in the Commissioner's determination for the year 1942. Amelia E. Pfaff, widow of the decedent, who is entitled to the net income from the trust estate involved for and during her life, was - years of age in 1942. The corpus of the trust estate, cash on hand, and the investments in U.S. Treasury and Municipal Bonds as at December 31, 1942, and December 31, 1943, is as follows: December
December
31, 1942
31, 1943
Corpus of the Trust
Estate
$352,891.94
$360,864.51
Cash in Banks
17,026.32
18,185.98
Investments: U.S. Treasury Bonds
53,500.00
68,500.00
Municipal Bonds
46,362.27
46,362.27
In the determination of the estate tax of the estate of R. H. Pfaff, deceased, the residue to The Ashtabula Foundation after deducting the value of the life estate to the widow, specific bequests, etc., was exempted *67 as a charitable gift with the valuation of $158,787.83. The respondent added to the petitioner's income the sum of $12,058.31 and appended to his notice of deficiency the following explanation: "The amount recovered on deposits in insolvent building and loan associations, of $12,058.31 in excess of the cost basis to the estate is held to represent taxable income under the provisions of Section 22 (a) of the Internal Revenue Code." Opinion VAN FOSSAN, Judge: We are here concerned with the income tax liability of the Estate of R. H. Pfaff, represented by its trustee, The Ashtabula Foundation. No deficiency was determined against the Foundation and the Foundation, as such, is not before us. It is important that this fact be borne in mind as we consider the case. By the terms of the will of R. H. Pfaff, his widow, Amelia E. Pfaff, was to receive the income of the trust estate for her lifetime. Pfaff's brother-in-law, Lewis, was named trustee. After his death in 1942, and in accordance with the provisions of the will, the corpus of the trust was placed in the custody and control of the petitioner. During the taxable year the petitioner collected $12,058.31 *68 over and above the value of bank deposits returned for Federal estate tax purposes. The respondent added this sum to petitioner's income, relying on the provisions of section 22 (a), Internal Revenue Code. The respondent argues that as to the $12,058.31 the effect of the will of Pfaff is to constitute the petitioner a successor trustee of Lewis. The petitioner contends that when the trust estate "passed" to it under the quoted provisions of the will it took title to the estate as absolute owner thereof, subject to the charge of paying to the testator's widow the income therefrom for her life and upon her death to pay the conditional bequests set forth in the will. We agree with the respondent that when the Foundation came into custody and control of the corpus of the trust it held the property in the capacity of trustee and not otherwise, with the consequence that so long as Amelia E. Pfaff lived the immunity from taxes which the Foundation enjoyed in its capacity as a charitable organization did not extend to the property coming into its hands as the trustee under the will of Pfaff. As respondent pertinently observes on brief, if Lewis had not died this controversy *69 would probably never have arisen. The $12,058.31 was collected in the taxable year by the petitioner as trustee, not by the Foundation, as such. It served to augment the corpus of the trust property in the hands of the petitioner. In this status of the facts the case comes under the rule announced in Helvering v. Roth, 115 Fed. (2d) 239, and Estate of John W. Herbert v. Commissioner, 139 Fed. (2d) 756, and constitutes income to the estate. Although no such issue is raised by the pleadings, we agree also with the respondent that the petitioner has no valid claim for a deduction of the sum of $12,058.31 under section 162 (a), Internal Revenue Code, for the entirely sufficient reason that the sum, so far as we know, was not "during the taxable year paid or permanently set aside for the purposes" of charity. It follows that the respondent must be sustained. Decision will be entered for the respondent.